## EDWARDS et al. v. RECTOR, CHURCH WARDENS AND VESTRYMEN OF TRINITY CHURCH IN CITY OF NEW YORK et al.

District Court, S. D. New York.

June 20, 1933.

Ransom H. Gillett, of Albany, N. Y., for plaintiffs.

Sprague, Seymour & Sprague, of New York City (Chase Mellen, of New York City, of counsel), for defendants.

PATTERSON, District Judge.

The suit is framed as one in equity and the defendant Trinity Church makes a motion under rule 29 of the Equity Rules (28 USCA § 723) to dismiss the bill as insufficient on its face to constitute a valid cause of action in equity.

The suit is one involving part of the real estate in the possession of Trinity Church in New York City. It is brought by British subjects residing in England, Canada, and New Zealand. The bill alleges that in 1642 a tract of land between what are now Christopher street and Charlton street in the borough of Manhattan was granted to one Thomas Hall, and that title to the tract descended to the plaintiffs as heirs and descendants of Hall; that Trinity Church more than one hundred years ago took possession of the tract without legal right; and that the church claimed and represented that the tract was part of certain estates granted to it in 1705 by Queen Anne, but that in truth this tract was not a part of those estates. In anticipation of the defense of laches, the plaintiffs say that neither they nor any of their ancestors since 1704 lived in New York or knew the location of the Hall tract, and that they were deceived by the claims of the church. The bill charges that the church, by taking dominion over the tract, became "a trustee de son tort" for the plaintiffs. The relief demanded is a decree that the plaintiffs are owners of the real estate, that the church is a mere trustee for them, and that there be an accounting of the rents and profits.

The averments of the bill make it clear that the plaintiffs can get no relief from a court of equity. In the first place, while the bill is nominally one to enforce a constructive trust, no facts showing the existence of any such trust are alleged. The substance of the bill is that the plaintiffs claim to own certain real estate which the defendant is said to be in possession of, without title but under claim of title. To remedy any wrong of this sort, there is an adequate remedy at law through an action of ejectment. Relief in equity cannot be claimed merely by calling the defendant a "trustee de son tort."

In the second place, the bill reveals that the plaintiffs have been guilty of laches to such a degree as to bar any relief in equity. It is conceded in the bill that the church has been in possession under claim of title for more than a century. It is conceded in the bill that ancient landmarks and monuments of boundaries have disappeared. It is matter of judicial notice that over the years great improvements have been made in this property and values have increased enormously. Meanwhile the plaintiffs and their predecessors have done nothing to assert any rights.

336

The bill discloses on its face a total lack of merit in the plaintiffs' case.

The motion to dismiss the suit is therefore granted.